### In re JONES.

(District Court, D. Massachusetts. August, 1900.)

BANKRUPTCY—PROOF OF CLAIMS—SURRENDER OF PREFERENCES.

  Bankr. Act 1898, § 57g, requiring a creditor who has received preferences to surrender the same before his claim will be allowed, is not confined in its application to preferences received within four months prior to the bankruptcy, but requires the surrender of all preferences, as defined in section 60a, which contains no time limit; the only limitation being the debtor's condition of insolvency when the transfer of property by payment or otherwise was made.

In Bankruptcy: On review of referee's decision.

The following is the opinion of Warner, Referee:

Lovett, the creditor, worked for Jones, the debtor, during a part of the year 1895 and to September 3, 1896, on which date there was a balance due Lovett for wages of $175, for which amount Jones gave his demand note, on which cash payments have been made as follows: November 14, 1896, $10; December 26, 1896, $5; January 16, 1897, $5; April 23, 1898, $10,—amounting in all to $30, and leaving a balance due on the note, with interest to the date of the filing of the petition, March 14, 1900, of $175.45. Lovett returned to work for Jones in September, 1898, and between the dates of September 7 and December 31, 1898, earned, as wages, the sum of $94.24. Between these dates Lovett received on account of wages the sum of $43, in numerous payments, varying from 25 cents to $5. Between the dates of April 16 and December 14, 1899, Lovett earned as wages the sum of $181.40, and between the dates of April 18 and November 17, 1899, received on account of wages the sum of $59.25, in numerous payments, varying from 50 cents to $5. Within three months of the filing of the petition, December 14, 1899, to March 14, 1900, Lovett earned as wages the sum of $111.40, on account of which he has received no payment. The last payment received by Lovett from Jones was $2, on November 17, 1899, and this was the only payment received by him within four months before the filing of the petition. The total amount received by Lovett after July 1, 1898, and before November 14, 1899, was $100.25. Jones was insolvent, within the meaning of the bankruptcy act, on July 1, 1898, and remained insolvent at all times to the date of the filing of his petition. There is no evidence that at the time any of the payments were made Lovett had reasonable cause to believe that it was intended thereby to give a preference. The creditor offered to surrender the sum of $2. The referee ruled that no part of the claim could be allowed unless the creditor surrendered all payments received since the bankrupt became insolvent, and refused to allow the claim without the surrender of

$102.25, and allowed the creditor ten days within which to make such surrender. The creditor excepted seasonably to this ruling, and asked that the same might be reviewed by the judge. The Derby Desk Company, a corporation organized under the laws of the state of Maine, by its treasurer, Frank W. Crocker, offered its proof of claim in the above-named matter, for the sum of $2,619.47, upon four (4) promissory notes, one dated November 1, 1898, for $1,000, payable on demand, and three dated November 1, 1899, for $180.91, $181.79, $182.68, respectively, and payable, respectively, four, five, and six months after date, and for an open account for rent, the items for rent being four months' rent to January 1, 1900, $1,000; one month's rent to February 1, 1900, $250. On the open account for rent the following items were credited: January 22, 1900, cash, $100; January 31, 1900, $75; March 1, 1900, $0.91. It appeared that the bankrupt was insolvent at the date of these credit items and for a considerable period before. The claim, in this form, was disallowed, on account of the creditor having received a preference. It also appeared that at times since the date of said notes, and while the said notes were held by said creditor as a liability against the bankrupt, the creditor had received on claims not contained in the proof other payments than those credited on the account. The creditor offered to surrender the sum of $175.91, as credited upon the open account filed with the proof, upon allowance of the claim, but the referee refused to allow this creditor to prove the claim without surrendering all sums received by it in payment of any indebtedness from the bankrupt to it while the bankrupt was insolvent, and during the existence of any of the indebtedness contained in this proof. The creditor excepted to this ruling of the referee, and the referee sets forth these facts to the judge for his decision.

Charles C. Blaney, for Lovett.

Freedom Hutchinson, for Derby Desk Co.

Albert S. Hutchinson, pro se.

LOWELL, District Judge. In these cases the creditors seeking to prove have, according to the decision in Re Ft. Wayne Electric Corp., 3 Am. Bankr. R. 634, 99 Fed. 400, received preferences, unless the fact that the payments were received more than four months before the petition was filed takes them out of the scope of the decision. It was there held that a preference must be surrendered before the creditor could prove, even though he had no cause to believe that a preference was intended. The decision went largely upon the ground that the preference to be surrendered was not that limited in section 60b, but that described more generally in clause "a." This contains no mention of a time limit. A literal construction of sections 57g and 60a makes them include preferences given and received beyond the four-months period, and this literal construction is confirmed by an examination of earlier drafts of the existing act. Section 69 of the original Torrey bill, which dealt with preferences, provided in its first paragraph that a respondent shall be deemed to have given a preference if he has within four months, etc. The second paragraph of the same section provided that if a bankrupt shall have given any preference, and the person receiving such preference shall have had reasonable cause to believe that a fraud on the act was intended, the preference shall be voidable. The fifth clause of section 72 of the Torrey bill provided that the claims of creditors who have received preferences shall not be allowed until the preference is surrendered. Under these provisions, plainly, the preference to be surrendered

must have been given within four months; but in all the subse-quent drafts of the act, so far as I have read them, the time limit has been taken out of the first paragraph and inserted in the second. And thus, while no preference given beyond the four-months period is made voidable, all preferences, whenever given, must be surrendered before proof. Perhaps no very great weight should be given to the consideration just stated, as the original Torrey bill seems never to have been before congress; but, for what it is worth, the consideration makes strongly for the literal construction of the language of the existing act. As has been said, the word "preferences," in section 57g, is used generally, and with apparently no more reference to a time limit than in section 60a. There are other places in the act where the same word appears to be without time limitation. See section 5g. It is urged as a strong argument against the literal construction of the act that this construction will unsettle business, by disturbing transactions long since past; but, if the construction contended for by the creditors is adopted, then only those preferences must be surrendered which have been given within the four-months period, and this whether the creditor had or had not knowledge that a preference was intended. Under the act of 1867, all preferences given after the passage of the act, and received with the knowledge of the intent to prefer, must have been surrendered before the creditor could prove. To permit a creditor to prove his debt, while retaining a preference received five months before the petition, with full knowledge of the debtor's insolvency and the intent to prefer, would be an unusual laxity. See, also, section 2, c. 9, of the act of 1841. If the court is compelled to choose between a construction which requires all preferences to be surrendered before proof whenever they are received, whether the creditor has knowledge of the intent to prefer or not, and a construction which permits the preferred creditor to prove, while retaining a preference received more than four months before the filing of the petition, with full knowledge of the intent to prefer, I am brought to believe that the first construction is more consonant with the general spirit of the act. It cannot be said, indeed, that this construction is clear beyond a doubt, but it seems to me to result logically from the case cited, which I am bound to follow. Were I to form a bankrupt act as seemed to me best for the interests of the community, I might differ from congress in some respects. That is not my office. If the construction thus put upon section 57g makes it a real menace to legitimate business, concerning which no opinion is expressed, it is from congress that relief must be sought. For all these reasons, the decision of the referee in above case is affirmed.